IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA MADRID,

    Plaintiff,
vs.                   CIVIL NO. 02-675 WFD/LFG

UNITED PARCEL SERVICE,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR RULE 35 EXAMINATION

THIS MATTER is before the Court on Defendant's Motion for Rule 35 Mental Examination With Accompanying Authority [Doc. 46]. The Court considered the motion and response in opposition [Doc. 49]. No reply or oral argument is necessary. This matter may be resolved based on the parties' submissions.

### Background

This is a Title VII civil rights lawsuit. Plaintiff Patricia Madrid ("Madrid") contends, *inter alia*, that Defendant United Parcel Service's ("UPS") conduct caused her "humiliation, suffering and other injuries." (Complaint, p. 8). She claims that as a direct and proximate cause of UPS's alleged discrimination, she suffered "great mental and emotional distress, humiliation, anxiety, depression, and loss of the ordinary pleasures of everyday life." (Initial Pretrial Report, p. 7).

Madrid asserts that she sought counseling and mental health services from several physicians so as to mitigate the stress, embarrassment and humiliation caused by UPS's conduct and that she experienced a specific and diagnosable disorder--post-traumatic stress syndrome. (Answers to Defendant's First Set of Interrogatories and Request for Production, Supplemental Answers No. 1 and 12). In preparation for trial, UPS seeks to obtain information necessary to defend itself against

Madrid's claims and requests a Fed. R. Civ. P. 35 independent examination. Madrid opposes the request.

## Analysis

UPS's right to request a Rule 35 examination depends on whether Madrid's claims fall into the category of "garden variety" emotional distress claims as recognized by the Tenth Circuit in Thiessen v. General Electric Capital Corp., 178 F.R.D. 568, 570 (D. Kan. 1998), or whether Madrid is asserting a "more particularized mental or emotional injury."

In Thiessen v. General Electric Capital Corp., the court stated that when a plaintiff makes a "garden variety" emotional distress claim which amounts to no more than an attempt to recover for generalized insult, hurt feelings and lingering resentment, a plaintiff's mental condition is not sufficiently "in controversy" to justify a Rule 35 examination. On the other hand, when a plaintiff makes a particular claim for emotional injury or asserts a "more particularized mental or emotional injury," the claimed condition is in controversy and the defendant is entitled to conduct its own examination and evaluation of the claim. Id. at 569; *see also* Schlagenhauf v. Holder, 379 U.S. 104, 119, 85 S. Ct. 234, 243 (1964)(plaintiff who asserts mental or physical injury places that injury clearly in controversy and provides defendant with "good cause" for an examination to determine the existence and extent of such alleged injury); Simpson v. Univ. of Colorado, 220 F.R.D. 354, 362 (D. Colo. 2004)(good cause existed for permitting mental examination because, without the examination, the defendant would have been limited to cross-examining the evaluation of plaintiff's expert).

So, too, in Greenhorn v. Marriott Intern, Inc., 216 F.R.D. 649, 652 (D. Kan. 2003), the court authorized a Rule 35 examination when the plaintiff's allegations were sufficiently serious and sweeping that the average layperson might not be able to evaluate properly the nature, extent and cause of the injury.

In April 2000, the Colorado District Court determined in LeFave v. Symbios, Inc., No. CIV.A.99-Z-1217, 2000 WL 1644154 at *4 (D. Colo. Apr. 14, 2000), that a Rule 35 examination was proper in a Title VII case when a plaintiff alleged a specific mental or psychiatric injury or disorder, or claimed unusually severe emotional distress, or offered expert testimony in support of the claim for emotional distress damages.

Such is the case here. Madrid has not simply alleged "garden variety" emotional distress as in Thiessen v. General Electric Capital Corp. Rather, the allegations of her complaint and the assertions in the Initial Pretrial Report indicate that the claim is "great mental and emotional distress, humiliation, anxiety, depression and the loss of ordinary pleasures of everyday life." Moreover, Plaintiff has asserted a specific and diagnosable condition--post-traumatic stress disorder. Finally, Madrid has listed expert witnesses who are to testify as to her conditions.

A plaintiff may not assert a right to damages and yet deny the opposing party an opportunity to challenge the legitimacy of the claim. Indeed, in Fox v. Gates Corp., 179 F.R.D. 303 (D. Colo. 1998), the court stated:

> The majority of courts . . . will not require a plaintiff to submit to a medical examination unless, in addition to a claim for emotional distress damages, one or more of the following factors is also present: (1) plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) plaintiff has alleged a specific mental or psychiatric injury or disorder; (3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert testimony in support of her claim for emotional distress damages; and (5) plaintiff concedes that her mental condition is "in controversy" . . . .

Id. at 307.

Here, a majority of the factors outlined in Fox v. Gates Corp. case are present. Madrid has asserted a specific mental or psychiatric injury or disorder; she has claimed severe emotional distress;

3

and she intends to offer expert testimony in support of her claim.

## Conclusion

The Court determines that UPS has made a particularized showing of a need to undertake an independent Rule 35 examination, and, accordingly, the Court orders that Madrid submit to an independent examination as arranged for by UPS. In accord with the requirements of Rule 35, UPS is to submit its expert's report to Madrid upon completion of the examination.

The Court directs that the examination take place within the next forty-five days, unless that time is extended by the Court.

IT IS SO ORDERED.

                                                */s/ Lorenzo F. Garcia*
                                                Lorenzo F. Garcia
                                                Chief United States Magistrate Judge